SUCCESSION OF JOHN TUCKER—Account of Tutrix—Opposition of Under-Tutor.

A tutor is only bound to render an account of his tutorship, when it expires by his ward attaining the age of majority, or when ordered to do so by the Judge.

A tutor may file annual, or provisional accounts, for the purpose of preserving evidence of payments made by him, or when necessary to the obtaining of certain orders of court pending his administration; but all these accounts of tutorship thus sanctioned by law, although they are *prima facie* evidence, they are not conclusive upon the minor, unless rendered to him after his majority or emancipation.

APPEAL from the District Court of the Parish of Natchitoches, *Chaplin, J. A. H. Pierson* and *J. M. B. Tucker*, for plaintiff and appellant. *P. A. Morse*, and *Hamilton & Chaplin*, for defendant.

BUCHANAN, J. The appellee, a married woman, assisted by her husband, is tutrix of her four children, issue of her first marriage with the deceased, *John Tucker.* The eldest of these minors is now thirteen, and the youngest five years of age.

On the 14th April, 1856, the appellee presented her petition to the District Court of Natchitoches, with an account annexed, which is an informal account of tutorship and administration, and a statement of the rights of the accountant and her children in a community of acquets combined. The petition sets forth, that petitioner is executrix of the last will of her deceased husband, *Tucker*, tutrix of his minor children, and surviving partner of the community of acquets resulting from her marriage with *Tucker;* that in her two first named capacities, she has administered the affairs of the succession, paid debts, and (agreeably to the directions of *Tucker's* will) made purchases of property; that in her last named capacity, she is entitled to the usufruct of the common property, and the fruits and revenues arising therefrom are hers, though the same have been inventoried as property of the community; that the rights and interest of petitioner, and of her children respectively, in the estate, amount to certain designated sums of money, as set forth in the account annexed; that it was the will of petitioner's deceased husband that the property should remain together until the respective majorities of his children, and that petitioner desires to carry into effect that clause of the will. The petition concludes by a prayer that the under-tutor of the minors, *Tucker*, be cited to defend their interests in the premises; that the account annexed to the petition be homologated, and that a decree be rendered " fixing the respective rights and degree of interest of the said minors and of herself in the said estate, both separate and in community."

The under-tutor appeared, and among a variety of other grounds of opposition to the account and proceedings of the tutrix, specially opposes ninety-three of the items of " liabilities."

The District Judge rendered a judgment upon this issue, fixing the cash value of the interest of the tutrix, and of each of the minors *Tucker*, respectively, in the community of acquets, " without prejudice to the rights of the parties to take the property in kind; " allowing many of the items opposed, as valid charges against the minors ; and reserving the right of the tutrix to claim those which he rejected, in a " final settlement of tutorship."

The under-tutor appeals; and has laid before us for examination and decision all the numerous objections raised by his opposition to the details of the appellee's account. A careful examination of the record has satisfied us that it would be a mere loss of time to enter into those details; and that the only proper course to be pursued, is to put the appellee's petition and account out of court, as being in no sense a legal account of tutorship.

A tutor must render an account of his administration as tutor : 1st, at the expiration of his tutorship, that is to say, when his ward attains the age of majority, or is emancipated ; and 2d. when ordered to do so by the Judge, as in cases of destitution of tutorship, &c.    C. C. 350.

Or a tutor, for the purpose of preserving the evidence of payments made by him pending his administration, may file annual accounts of tutorship.    Rev. Stat., verbo Minors, §§ 19, 20, p. 339.

It has also been observed by Judge Martin, in the case of *Stafford* v. *Villain*, 10th La. Rep., 329, that tutors may, when necessary to the obtaining of certain orders of court, render provisional accounts of their administration.

But there is one thing to be observed of all the different kinds of accounts of tutorship thus sanctioned by law : that although they may be *prima facie* evidence, they are not conclusive upon the minor, unless rendered to him after his majority or emancipation.    *McGehee* v. *Dupuy*, 7th Rob., 229.

But as the account at bar is embodied in none of the legal categories abovementioned; as it is defective in precision, and professedly includes many matters entirely foreign to the tutorship; any decree that we might render thereupon, would evidently not be binding hereafter upon the minors *Tucker*, and would therefore be only calculated to introduce confusion and embarrassment into the ultimate settlement of the affairs of this succession.

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed ; and that the petition and account filed by the appellee, herein, on the 14th April, 1856, be dismissed, at her costs in both courts ; without prejudice to appellee's right to sue her children by her first marriage, for a settlement and partition of the community of acquets resulting from that marriage,—as also to set up and urge all the claims against her children, which are embraced in said account, in any regular and legal account of tutorship hereafter.